**DICKINSON, Disbarment of, In re**

Ohio Appeals, 2nd Dist., Franklin Co.

No. 3423. Decided Sept. 26, 1941.

188

W. B. McClesky, Columbus, Edgar L. Weinland, Columbus, and Florence G. Denton, Columbus, for respondent.

**OPINION**

BY THE COURT:

Submitted on two motions; the first, by the Committee for an order dismissing the appeal on questions of law, notice of which was filed in this court on April 8, 1941 and to dismiss the appeal on questions of law and fact, designated in the amended notice of appeal filed on April 18, 1941.

The second, by Agnes B. Dickinson, personally, for an order staying further proceedings in this appeal until the proceedings on appeal in case No. 3403 are finally disposed of and that the rule for filing of appellants brief be suspended in accordance therewith.

Pertinent to the first motion the Transcript of the Docket and Journal Entries from the Court of Common Pleas discloses that the judgment entry to which the notice of appeal is meant to be directed was entered on date, March 25, 1941. The first notice of appeal was filed in the Common Pleas Court within time, on April 8, 1941, directed to the judgment entry entered on the 24th day of March, 1941.

The appeal was noted on "the question of law". On April 11, 1941 the Common Pleas Court fixed bond in the sum of $250.00 for an order staying execution of final judgment. Bond was not given. On April 18, 1941, a second notice of appeal was filed in the Common Pleas Court, identical with the first notice except that it noted "That said appeal was on the question of law and fact." This notice was filed more than 20 days after the final judgment entry of date, March 25, 1941.

No brief on behalf of appellant nor bill of exceptions has been filed in this court. This failure to file brief is the basis in part for the motion to dismiss the appeal on questions of law. Under Rule VII of this court the foregoing failure to file brief is cause for dismissal for want of prosecution unless good cause be shown to the contrary.

No good cause for the failure to file a brief on behalf of appellant has been shown upon the present state of the files in the case, but the court has knowledge by reason of information that has come to the attention of its members in another case in this court that the respondent has been ill and it may be that good cause can be shown, justifying the court in waiving the strict enforcement of the rule. It has been our uniform practice for years to enforce this rule unless a meritorious reason is made to appear to the court for the failure to file the brief. We will hold the dismissal of the appeal upon the ground of the failure to file brief for five days to give appellant opportunity to make or present proof, by one or more affidavits, if it can be done, that because of illness, at the time her brief was due in this court, she was unable to prepare and file her brief, and that she had no counsel to represent her at that time. If such proof is not forthcoming the appeal may be dismissed for failure to observe Rule VII.

The failure to file the bill of exceptions in this court may or may not, be determinative of the appeal if it be on questions of law. If it is necessary to any question presented upon the appeal that the evidence taken in the trial court be weighed in this court, then without out the bill there is ▮▮ nothing for consideration here. On the other hand if any error complained of, may be exemplified upon the record, independent of the bill of exceptions we will be required to consider it, provided appellant under the order of this court can comply with Rule VII ▮▮ as to the filing of her brief. The claim that the appeal should be dismissed because the notice was not directed to the final judgment is not well made. **Mosey v Hiestand, Trustee, 138 Oh St 249, Couk v Ocean Accident and Guarantee Co., 138 Oh St 110.**

The motion then to dismiss the appeal on questions of law will be held in abeyance until it be determined whether or not the respondent will be permitted to file her brief and assignments of error under the exception to Rule VII.

The other branch of the motion of the Committee is to dismiss the appeal on questions of law and fact. §12223-4 GC provides, "that the appeal shall be deemed perfected when the notice of appeal shall be filed with the lower court, x x x." The time within which the notice shall be filed in the court in which the judgment was rendered is 20 days after the judgment. No notice of appeal designating the type of appeal as upon questions of law and fact, was filed within the trial court within the period fixed by the statute.

It is provided in §12223-5 GC, that "The failure to designate the type of hearing upon appeal is not jurisdictional and the notice of appeal may be amended by the Appellate Court in the furtherance of justice or for good cause shown." It will be noted that the power to amend the notice of appeal is in the Appellate Court and not in the Trial Court. The second notice of appeal designating the type of appeal as upon questions of law and fact was not originally filed in the Appellate Court, nor application to amend the first notice given or made in the Appellate Court, nor could it be made to appear that in the furtherance of justice or for good cause the amendment should be made showing the type of appeal from questions of law to an

appeal on questions of law and fact.

The proceedings to suspend or remove an attorney at law from office are strictly statutory and therefore provide an action at law only. The review of proceedings provided by the Code, §1709 GC is by appeal on questions of law. The Supreme Court in the 2nd syllabus, In Re: Hawke, 107 Oh St 341, said, "Chancery cases do not now, and never have, comprehended proceedings in disbarment or suspension of attorneys at law." Chancery cases only are appealable on questions of law and fact.

The motion to dismiss the appeal on actions of law and fact will be sustained.

In as much as no notice of appeal on questions of law and fact was noted in the trial court as contemplated by the Code and no application or order to amend made in this court, we may not give application to the provisions of §11,564 GC that if it be determined that the case may not be heard upon the facts and no bill of exceptions has been filed, this court may fix a time, not to exceed 30 days, for the preparation and settlement of a bill of exceptions.

The motion of respondent to stay further proceedings in this appeal will be overruled. No sufficient reason appears for such an order at this time.

GEIGER, PJ., BARNES & HORNBECK, JJ., concur.